# EXHIBIT A

Filing # 135471490 E-Filed 09/28/2021 01:59:48 PM

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I.    CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE FIFTEENTH   JUDICIAL CIRCUIT,
IN AND FOR PALM BEACH   COUNTY, FLORIDA

Carl Stewart
Plaintiff
                                                      Case # _____
                                                      Judge _____

vs.
BL RESTAURANT OPERATIONS LLC
Defendant

### II.    AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

### III.    TYPE OF CASE     (If the case fits more than one type of case,   select the most

definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

NOT A CERTIFIED COPY

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☒ Discrimination—employment or other
    ☐ Insurance claims
    ☒ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT A CERTIFIED COPY

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION: [   ]**
(Specify)

  3

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
  ☐ yes
  ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
  ☒ no
  ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
  ☒ yes
  ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Rainier Regueiro      Fla. Bar # 115578
      Attorney or party               (Bar # if attorney)

Rainier Regueiro          09/28/2021
(type or print name)        Date

Filing # 135471490 E-Filed 09/28/2021 01:59:48 PM

IN THE CIRCUIT COURT OF THE
15TH JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA
CASE NO.:

CARL STEWART,

      Plaintiff,

vs.

BL RESTAURANT OPERATIONS, LLC,

      Defendant.

_____/

## COMPLAINT

**COMES NOW** Plaintiff, CARL STEWART ("Plaintiff"), by and through the undersigned counsel, and hereby sues Defendant, BL RESTAURANT OPERATIONS, LLC. ("Defendant"), and alleges as follows:

1. This is an action for declaratory and injunctive relief and damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Title VII"), the Florida Civil Rights Act of 1992, Florida Statutes, Chapter 760, *et seq.* ("FCRA"), Americans with Disabilities Act (ADA), to redress injuries resulting from Defendant's unlawful sex, age, religion, and disability discriminatory treatment of Plaintiff.

2. At all times material hereto, Plaintiff was a resident of Palm Beach County, Florida.

3. Defendant is a Florida Non-Profit authorized to conduct business in the State of Florida.

4. Venue is proper in Palm Beach County because the employment practices hereafter alleged to be unlawful were committed within the jurisdiction of Palm Beach County.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

5. Plaintiff began employment with Defendant on or about June 13, 2019 as a Kitchen Manager.

6. Plaintiff feels that he was discriminated against by his employer BL Restaurant Operations LLC. through their General Manager Andrew (LNU) due to his disability both during and even after his employment.

7. Throughout plaintiff's employment with the company and especially after his injury, Stewart was continuously discriminated against when that had never been the case prior to his injury.

8. During his employment with BL Restaurant Operations LLC, plaintiff was injured on the job.

9. Plaintiff was performing his duties and inspecting the kitchen when he noticed that the Ice Machine was missing a component.

10. Mr. Stewart then called over one of the cooks to insert the missing piece.

11. This then caused another component of the machine to go flying off and then struck him in the head.

12. I lost my balance and fell which ended up injuring his knee, back, shoulders, and subsequently two of his teeth get knocked out.

13. The cook then took plaintiff to the office to go sit down.

14. Later that night, plaintiff threw up and his knees began swelling.

15. Plaintiff went to the hospital the next day and was told that he had head trauma, a concussion, as well as multiple injuries.

16. The doctor placed him on 6-hour light duty.

17. The General Manager at the time Andrew (LNU) did not like that fact and began retaliating against plaintiff and even told him "Now you screwed up my schedule old man, you should be working at a Mamas and Papas place". Andrew retaliated against plaintiff by scheduling him

to close five days a week at 2:30 AM. By the time everything was completed at the restaurant, Stewart would reach home at 4:30 in the morning.

18.  Plaintiff then called the operation manager Paul (LNU) and complained to him about the GM.

19. Stewart was told not to worry and that Andrew could not fire him.

20. On top of that, plaintiff had requested on more than one occasion not to stay late to close.

21. He explained to them that this was dangerous for him as he would get home at 4:30 am and was under medication which caused drowsiness as well as experiencing dizzy spells due to his injury.

22. Stewart spoke to HR and was told they would get back to him.

23. Shortly after that, the GM had resigned and another manager began making the schedule.

24. Plaintiff was still closing five times a week and when he brought the issue up again was told that it would be only temporary. Plaintiff believes that this was done in order to pressure him to resign.

25. On top of that, the cleaning crew hired by the company was dismissed which meant that Stewart was given even more responsibility and further pressured to resign.

26. During the month of December, plaintiff asked to use his vacation days.

27. The GM at the time told him that "we need you" and requested that he take his vacation at a later date.

28.  He told plaintiff "I'll give you your 9 days next year anytime you want."

29. Plaintiff was owed another 7 days for the new year for a total of 16 days.

30. Shortly thereafter, Plaintiff was told that he was being terminated.

31. Plaintiff asked if he would be paid the 16 days owed to him since they were firing him and was told by HR that they would let him know.

32. Plaintiff never received a response nor did he receive his severance pay which was owed to all managers.

33. On the day prior to him being fired, an email was sent out stating that the new company protocol was that there was no longer any severance pay.

34. Plaintiff strongly believes that he was discriminated against because due to his age and injury and was retaliated against because of his complaints to management.

35. Throughout his employment plaintiff was able to perform the essential functions of his job duties and responsibilities, and at all relevant times did perform his job at satisfactory or above-satisfactory levels.

36. Any reason proffered by his employer for the adverse employment actions is mere pretext for unlawful discrimination because of his disability.

37. Plaintiff has been discriminated and retaliated against in violation of Title VII, the Florida Civil Rights Act, and local laws.

<u>COUNT I</u>
*Disability Discrimination in Violation of the FCRA*

38. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 37 of this Complaint as if set out in full herein.

39. Plaintiff is a member of a protected class under the FCRA.

40. By defendant's conduct described above, Defendant has engaged in discrimination against Plaintiff because of Plaintiff's disability and chronic conditions and subjected the Plaintiff to animosity based on his disability and chronic conditions.

41. Such discrimination was based upon the Plaintiff's disability in that Plaintiff would not have been the object of discrimination but for the fact that Plaintiff is disabled.

42. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected

rights. Defendant and its supervisory personnel were aware that discrimination on the basis of his disability was unlawful but acted in reckless disregard of the law.

43. At all times material hereto, the employees exhibiting discriminatory conduct towards Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

44. Defendant retained all employees who exhibited discriminatory conduct toward the Plaintiff and did so despite the knowledge of said employees engaging in discriminatory actions.

45. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

46. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under state law.

47. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

48. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's discriminatory practices unless and until this Honorable Court grants relief.

## COUNT II

### *Retaliation in Violation of the FCRA*

49. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 of this complaint as if set out in full herein.

50. Plaintiff is a member of a protected class under the FCRA.

51. By the conduct describe above, Defendants retaliated against Plaintiff for exercising rights protected under the FCRA.

52. Defendants' conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendants and its supervisory personnel were aware that discrimination on the basis of gender was unlawful but acted in reckless disregard of the law.

53. As a result of Defendants' actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damage.

54. The conduct of Defendants, by and through the conduct of its agents, employees, and/or representatives, and Defendants' failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

55. The actions of the Defendants and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory damages pursuant to federal law, to punish the Defendants for its actions and to deter it, and others, from such action in the future.

56. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable

damages as a result of Defendants' retaliatory practices unless and until this Honorable Court grants relief.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendants:

a. Adjudge and decree that Defendants have violated the FCRA, and have done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendants pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendants and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendants to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendants, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III
### *Failure to accommodate in Violation of the FCRA*

57. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-37 above as if set out in full herein.

57. Plaintiff is a member of a protected class under the FCRA.

58. By the conduct describe above, Defendant has failed to accommodate Plaintiff because of Plaintiff's disability.

59. The failure to accommodate was based upon the Plaintiff's disability in that Plaintiff would not have been the object of such action but for the fact that Plaintiff was disabled.

60. Defendant's conduct complained of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that the failure to accommodate on the basis of Plaintiff's disability was unlawful but acted in reckless disregard of the law.

61. At all times material hereto, the employees failing to accommodate Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

62. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued failed accommodation of Plaintiff, and deprived the Plaintiff of statutory rights under federal law.

63. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64. Plaintiff has suffered and will continue to suffer both irreparable injury and compensable damages as a result of Defendant's failure to accommodate unless and until this Honorable Court grants relief.

WHEREFORE, Plaintiffs respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FCRA, and has done so willfully, intentionally, and with reckless disregard for Plaintiff's rights;

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay,

benefits&#39; adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

c. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

d. Require Defendant to reinstate Plaintiff to the position at the rate of pay and with the full benefits Plaintiff would have had Plaintiff not been discriminated against by Defendant, or in lieu of reinstatement, award front pay;

e. Award Plaintiff the costs of this action, together with a reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

### *JURY DEMAND*

Plaintiff demands trial by jury of all issues triable as of right by jury.


Dated: September 28, 2021

                                      Respectfully submitted,
                                      /s/Rainier Regueiro_____
                                      Rainier Regueiro, Esq.
                                      Florida Bar Number: 115578
                                      REMER &amp; GEORGES-PIERRE, PLLC
                                      44 WEST FLAGER STREET, SUITE 2200
                                      Miami, Florida 33130
                                      Telephone: (561) 225-1970
                                      Facsimile: (305) 416-5005

NOT A CERTIFIED COPY

Filing # 135471490 E-Filed 09/28/2021 01:59:48 PM

IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

IN RE: STANDING ORDER FOR
CASE MANAGEMENT FOR SUBMISSION
OF AGREED CASE MANAGEMENT PLAN FOR
CASES FILED ON OR AFTER APRIL 30, 2021

_____ /

**STANDING ORDER FOR CASE MANAGEMENT AND SUBMISSION OF AGREED
CASE MANAGEMENT PLAN IN CIVIL CASES
IN THE FIFTEENTH JUDICIAL CIRCUIT FILED ON OR AFTER APRIL 30, 2021
(DCMSO)**

Pursuant to Florida Rule of Civil Procedure 1.200(a), Florida Rule of General Practice and Judicial Administration 2.545, and Administrative Order 3.107 entered by the Chief Judge of this Circuit, the parties are informed of the following information and procedures applicable to civil lawsuits filed in the Circuit Court on or after April 30, 2021:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this Order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases, the parties are required to participate in the case management system. The case management system requires early consultation and cooperation among the parties for the preparation and submission of an Agreed Case Management Plan and early involvement by the Court. The Agreed Case Management Plan requires the parties to identify a case track, confer in good faith and attempt to narrow the matters in controversy, identify the issues that require direct involvement by the Court, and establish a schedule for addressing those issues.[1] The Agreed Case Management Plan may be accessed at the Court's website at: https://15thcircuit.com/civil-differentiated-forms-and-orders.

Unless all of the Defendants have been served and have been defaulted or dropped, an Agreed Case Management Plan must be submitted to the assigned divisional queue via the Court's online scheduling system (OLS) as an attachment, in PDF format, to a proposed Order Accepting Agreed Case Management Plan on or before 130 days from the date of filing of the initial complaint. If the parties are unable to agree on an Agreed Case Management Plan by the applicable deadline, a

_____

[1] Case Track options include Expedited, Streamlined, General, or Complex. Case Tracks have been established in order to comply with the case disposition standards set forth in Florida Rule of General Practice and Judicial Administration 2.250(a)(1)(B).

case management conference will be scheduled by the Court or the Court will review and issue an Order Implementing Case Management Plan without agreement of the Parties.   No matters that arise as a result of this standing order, including lack of agreement, will be set on the Court's Uniform Motion Calendar and will, instead, be settled by the Court either at the case management conference or via an Order Implementing Case Management Plan without agreement of the parties. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

If all Defendants are served and defaulted or dropped, the Plaintiff will file the appropriate documentation to pursue a Default Final Judgment within 130 days of the filing of the complaint and Final Judgment is to be entered or set for hearing within 150 days of the filing of the complaint.

       3. **MEDIATION/ALTERNATIVE DISPUTE RESOLUTION (ADR)**.   ADR provides parties with an out-of-court alternative to settling disagreements.   Mediation is a type of ADR wherein an independent third party attempts to arrange a settlement at a conference between the parties. The Court requires the parties to participate in Mediation prior to trial unless the parties agree to another form of ADR.

      **DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, on this 26 day of April, 2021.

15TH JUDICIAL CIRCUIT

ADMINISTRATIVE OFFICE OF THE COURT

_____
**Administrative Circuit Judge**



### JOSEPH ABRUZZO

CLERK OF THE CIRCUIT COURT & COMPTROLLER
PALM BEACH COUNTY, FLORIDA

## RECEIPT
4194063

Printed On:
09/30/2021 09:45
Page 1 of 1

| Receipt Number: 4194063 - Date 09/30/2021  Time 9:45AM | | | |
|---|---|---|---|
| **Received of:** | Remer and Georges Pierre PLLC<br>44 West Flagler St. Suite 2200<br>Miami, FL 33130 | | |
| **Cashier Name:** | ADMIN | **Balance Owed:** | 421.00 |
| **Cashier Location:** | E-Filing | **Total Amount Paid:** | 421.00 |
| **Receipt ID:** | 10533507 | **Remaining Balance:** | 0.00 |
| **Division:** | AN: Circuit Civil Central - AN(Civil) | | |

| Case# 50-2021-CA-011117-XXXX-MB -- PLAINTIFF/PETITIONER: STEWART, CARL | | | |
|---|---|---|---|
| Item | Balance | Paid | Bal Remaining |
| Fees | 421.00 | 421.00 | 0.00 |
| **Case Total** | **421.00** | **421.00** | **0.00** |

| Payments | | |
|---|---|---|
| Type | Ref# | Amount |
| EFiling_ACH | 32437489 | 421.00 |
| **Total Received** | | **421.00** |
| **Total Paid** | | **421.00** |

**How was your service today?** Please visit www.mypalmbeachclerk.com/survey or send your feedback to clerkweb@mypalmbeachclerk.com.
**For office locations and information about Clerk & Comptroller services:**
Visit www.mypalmbeachclerk.com or call (561) 355-2996.



NOT A CERTIFIED COPY

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 50-2021-CA-011117

CARL STEWART,

      Plaintiff,

vs.

BL RESTAURANT OPERATIONS, LLC,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND DESIGNATION OF EMAIL ADDRESSES

NOTICE IS HEREBY GIVEN that Gregory R. Hawran, Esq. of the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C. hereby enters this Notice of Appearance as counsel for Defendant BL Restaurant Operations, LLC. ("Defendant"),  and designates, pursuant to Rule 2.516 of the Florida Rules of Judicial Administration, the following email addresses for the purpose of service of all documents required to be served pursuant to Rule 2.516 in this proceeding:

Primary email address:      gregory.hawran@ogletree.com

Secondary email addresses:      robert.borroto@ogletree.com

Dated: November 2, 2021.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:  305.374.0456


_s/_ Gregory R. Hawran
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

_Counsel for Defendant_
_BL Restaurant Operations, LLC_

2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on November 2, 2021, the foregoing document is being

served this day on all counsel of record or *pro se* parties identified on the attached Service List in

the manner specified.

<u>s/ Gregory R. Hawran</u>
Gregory R. Hawran

**SERVICE LIST**

*Carl Stewart v. BL Restaurant Operations, LLC*
*15th Judicial Circuit in and for Palm Beach County, Florida*
*CASE NO.: 50-2021-CA-011117*

Rainier Regueiro
rregueiro@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130
Telephone: 305.416.5000
Facsimile: 305.416.5005

*Counsel for Plaintiff, Carl Stewart*

Method of Service: Florida E-Filing Portal

Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:  305.374.0456

*Counsel for Defendant*
*BL Restaurant Operations, LLC*

49148638.1

4

IN THE CIRCUIT COURT OF THE 15TH
JUDICIAL CIRCUIT IN AND FOR
PALM BEACH COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 50-2021-CA-011117

CARL STEWART,

     Plaintiff,

vs.

BL RESTAURANT OPERATIONS, LLC,

     Defendant.

_____/

## DEFENDANT'S UNOPPOSED MOTION FOR ENLARGEMENT OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT

Pursuant to Florida Rule of Civil Procedure 1.090, Defendant, BL Restaurant Operations, LLC, moves for an enlargement of time to respond to Plaintiff's Complaint. In support of its motion, Defendant states as follows:

1.     Defendant was served with initial Process on October 8, 2021 in the above-styled lawsuit.

2.     Defendant's response to Plaintiff's Complaint was due on October 28, 2021.

3.     Upon receipt of the Complaint, Defendant immediately began its investigation in to Plaintiff Carl Stewart's claims. Defendant mistakenly did not file either a motion with the Court seeking to toll the answer deadline or any responsive pleading. This mistake was inadvertent, unintentional, and was not designed to delay these proceedings.

4.     On November 2, 2021, the undersigned counsel was retained to represent Defendant in this case and received files, information, and documents. Upon receipt of the

NOT A CERTIFIED COPY

materials, undersigned counsel immediately determined that Defendant's response was overdue and that no motion or notice was filed with the Court seeking an extension to file the response in this matter.

5.    As soon as the undersigned counsel realized the response was overdue, they immediately took steps to have the appropriate motion for extension filed.

6.    Defense counsel seeks a 19-day extension of time (14 days from the day this motion is filed), through and including November 16, 2021, within which to serve and file Defendant's response to the Complaint.

7.    The Court has discretion, for cause shown, to order the period within which an act is required to be done enlarged.  Defendant submits that the above reason supports the requested extension for it to respond to Plaintiff's Complaint.

8.    Florida Rule of Civil Procedure 1.090(b) provides the Court discretion to extend time for good cause. It has generally been noted that the granting of a motion for extension of time is not an abuse of discretion where there is no prejudice to the opposing party, undue delay, or adverse effect on the administration of justice. *See e.g.*, *Fisher v. Office of State Attorney*, *13th Jud. Cir. Fla.*, 162 Fed. App'x. 937, 940 (11th Cir. 2006).

9.    For the reasons described above, good cause exists for the requested extension.

**CERTIFICATE OF CONFERENCE**

10.    Defense counsel has conferred with Plaintiff's counsel in a good-faith effort to resolve this Motion by agreement, and Plaintiff's counsel, Rainier Regueiro, Esquire, has agreed to the relief sought in this Motion.

2

WHEREFORE, Defendant respectfully requests that the Court grant this Motion and extend the deadline for Defendant to file responsive pleading to Plaintiff's Complaint until November 16, 2021.

A proposed order is being submitted together with this Motion.

Dated: November 2, 2021.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

s/ Gregory R. Hawran
Gregory R. Hawran
Florida Bar No. 55989
gregory.hawran@ogletreedeakins.com

*Counsel for Defendant*
*BL Restaurant Operations, LLC*

NOT A CERTIFIED COPY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 2, 2021, the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified.

s/ Gregory R. Hawran
Gregory R. Hawran

4

## SERVICE LIST

*Carl Stewart v. BL Restaurant Operations, LLC*
*15th Judicial Circuit in and for Palm Beach County, Florida*
*CASE NO.: 50-2021-CA-011117*

Rainier Regueiro
rregueiro@rgpattorneys.com
Remer & Georges-Pierre, PLLC
44 West Flagler Street
Suite 2200
Miami, FL 33130
Telephone: 305.416.5000
Facsimile: 305.416.5005

*Counsel for Plaintiff, Carl Stewart*

Method of Service: Florida E-Filing Portal

Gregory R. Hawran
gregory.hawran@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
9130 S. Dadeland Boulevard
Suite 1625
Miami, Florida 33156
Telephone:  305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendant*
*BL Restaurant Operations, LLC*

47927762.1

5